# Exhibit A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2019**

E-Filing Number: 1904032269

**002116**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| EDMUND SABOL | ALLSTEEL, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 318 LINKS COURT<br>DRUMS PA 18222 | 2210 SECOND AVENUE<br>MUSCATINE IA 52761 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | THE HON COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 2210 SECOND AVENUE<br>MUSCATINE IA 52761 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | HNI CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 600 EAST SECOND STREET<br>MUSCATINE IA 52761 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 3 | ☒ Complaint | ☐ Petition Action | ☐ Notice of Appeal |
| | | ☐ Writ of Summons | ☐ Transfer From Other Jurisdictions | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☒ Mass Tort | ☐ Commerce | ☐ Settlement |
| ☒ More than $50,000.00 | ☐ Jury | ☐ Savings Action | ☐ Minor Court Appeal | ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Statutory Appeals | ☐ W/D/Survival |
| | ☐ Other: | | | |

**CASE TYPE AND CODE**

T1 - MASS TORT - ASBESTOS

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED<br>PRO PROTHY**<br>APR 12 2019<br>M. BRYANT | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES       NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: EDMUND SABOL

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JONATHAN DANIEL. RUBINSTEIN | 2001 MARKET STREET<br>SUITE 2900<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)567-3500 | (215)567-6019 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 318138 | jrubinstein@cprlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JONATHAN RUBINSTEIN | Friday, April 12, 2019, 01:44 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

Cohen, Placitella & Roth, P.C.
Jon D. Rubinstein, Esquire
Identification No.: 318138
jrubinstein@cprlaw.com
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
(215) 567-3500

Filed and Attested by the
Office of Judicial Records
12 APR 2019 01:34 pm
M. BRYANT

| | |
|---|---|
| EDMUND SABOL, | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY, PA |
| Plaintiff, | |
| | ASBESTOS CASE |
| | |
| v. | JURY TRIAL DEMANDED |
| | |
| | _____ TERM, 2019 |
| ALLSTEEL, INC., THE HON COMPANY, and | No.: |
| HNI CORPORATION | |
| | |
| Defendants. | |

## COMPLAINT - CIVIL ACTION
### 26035/2090 Asbestos

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**AVISO**

La han demandado a usted en la corte. Si usted quiere defensersa de estas demandas expuentas en la paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abodago y entregar a la corte en forma escrita sus defensas or sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defienda, la corte tomara medidas y puede continuar la domanda en contra suya sin previo aviso o notificación. Ademas, la corte puede docidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede poder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABODAGO INMEDIATAMENTE. SI NO TIENE ABODAGO O SINO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME

**Philadelphia Bar Association**
**Lawyer Referral & Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**Telephone:  (215) 238-6333**

POR TELEFONO A LA OFICINA CUYA
DIRECCION SE ENCUENTRA ESCRITA
ABAJO PARA AVERIGUAR DONDE SE
PUEDE       CONSEGUIR       ASISTENCIA
LEGAL.

**Associacion DeLicenciados De Filadelfia**
**Servicio DeReferencia E Información Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono:  (215) 238-1701**

Case ID: 190402116

**Defendants' Addresses**

ALLSTEEL, INC.
2210 Second Ave.
Muscatine, Iowa 52761

THE HON COMPANY
2210 Second Ave.
Muscatine, Iowa 52761
and
200 Oak Street
Muscatine, IA 52761

HNI CORPORATION
600 East Second Street
Muscatine, IA 52761
and c/o
Registered Agent
CT Corporation System
400 E. Court Ave.
Des Moines, IA 50309

Cohen, Placitella & Roth, P.C.
Jon D. Rubinstein, Esquire
Identification No.: 318138
jrubinstein@cprlaw.com
Two Commerce Square
2001 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
(215) 567-3500

| | |
|---|---|
| EDMUND SABOL, | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY, PA |
| Plaintiff, | |
| | ASBESTOS CASE |
| v. | JURY TRIAL DEMANDED |
| | _____ TERM, 2019 |
| ALLSTEEL, INC., THE HON COMPANY, and | No.: |
| HNI CORPORATION, | |
| Defendants. | |

Pursuant to an Order dated July 30, 1986, signed by the Honorable Richard B. Klein and the Honorable Edward J. Blake, the following Short Form Complaint is utilized in this asbestos action and incorporates by reference the Long-Form Master Complaint:

1.     The Plaintiff brings this action on behalf of all persons entitled by law to recover damages, which include the following:

    a.     Edmund Sabol (Plaintiff/Worker)
           318 Links Court
           Drums, PA 18222
           Date of Birth: ███████  █████
           Social Security No.: ███████████

2.     Plaintiff's IRS records will be furnished upon receipt.

3.     Plaintiff's asbestos exposure history, including, to the extent possible at this time, the asbestos manufacturers and products to which Plaintiff was exposed, and the inclusive dates of exposure and job site(s), is attached hereto as Exhibit A.

Case ID: 190402116

4.      Plaintiff first learned of his asbestos-related disease, pleural mesothelioma, on or about March 8, 2019, by Dr. Si-Yuen Moy, M.D at the Wilkes-Barre, PA VA Medical Center.

5.      The Defendants are the companies listed in the caption. The principal place of business, and the state of incorporation of the Defendants, are set out in the Defendants' addresses above and again below.

6.      Defendant ALLSTEEL, INC. is a company and/or successor of a company who employed Plaintiff on its premises and is subject to liability pursuant to the holding in Tooey v. AK Steel Corporation, 623 Pa. 60 (2013).

7.      Defendant THE HON COMPANY is a company and/or successor of a company who employed Plaintiff on its premises and is subject to liability pursuant to the holding in Tooey v. AK Steel Corporation, 623 Pa. 60 (2013).

8.      Defendant HNI CORPORATION is a company and/or successor of a company who employed Plaintiff on its premises and is subject to liability pursuant to the holding in Tooey v. AK Steel Corporation, 623 Pa. 60 (2013).

9.      Defendant ALLSTEEL, INC. is a corporation duly organized and existing under the laws of the State of Illinois and/or Iowa, with its principal place of business located at 2210 Second Ave., Muscatine, Iowa 52761.

10.     Defendant ALLSTEEL, INC. at all relevant times was doing business in the Commonwealth of Pennsylvania.

11. ˙   Defendant THE HON COMPANY at all relevant times was doing business in the Commonwealth of Pennsylvania.

12.     Defendant HNI CORPORATION at all relevant times was doing business in the Commonwealth of Pennsylvania.

13.     Defendant THE HON COMPANY is a corporation duly organized and existing under the laws of the State of Iowa, with its principal place of business located at 2210 Second Ave. Muscatine, Iowa 52761 and/or 200 Oak Street, Muscatine, IA 52761.

14.     Defendant HNI CORPORATION is a corporation duly organized and existing under the laws of the State of Iowa, with its principal place of business located at 600 East Second Street, Muscatine, IA 52761.

15.     Plaintiff Edmund Sabol worked at the Allsteel, Inc. steel fabrication plant located at 425 Jaycee Dr., West Hazleton, PA 18202 from 1990-2003.

16.     At all times relevant hereto, ALLSTEEL, INC. owned, possessed, leased and/or controlled the site identified in Exhibit A to this Complaint. Plaintiff was caused to develop a disease known and diagnosed as mesothelioma due to his exposure at this site; was and is caused to endure great pain and suffering, both physical and mental in nature; and was and is caused to incur medical expenses and suffer financial losses.

17.     At all times relevant hereto, THE HON COMPANY owned, possessed, leased and/or controlled the site identified in Exhibit A to this Complaint. Plaintiff was caused to develop a disease known and diagnosed as mesothelioma due to his exposure at this site; was and is caused to endure great pain and suffering, both physical and mental in nature; and was and is caused to incur medical expenses and suffer financial losses.

18.     At all times relevant hereto, HNI CORPORATION owned, possessed, leased and/or controlled the site identified in Exhibit A to this Complaint. Plaintiff was caused to develop a disease known and diagnosed as mesothelioma due to his exposure at this site; was and is caused to endure great pain and suffering, both physical and mental in nature; and was and is caused to incur medical expenses and suffer financial losses.

19.    A claim for lost wages or loss of future earning capacity is not asserted at this time, but may become viable in the future.

20.    Pursuant to an Order dated July 30, 1986 signed by the Honorable Richard B. Klein, and the Honorable Edward J. Blake, allowing for the filing of a "Short Form Complaint" and a "Master Long Form Complaint," Plaintiff has filed the instant Complaint.   Plaintiff hereby incorporates the "Master Long Form Complaint" as if that document was set forth at length herein, including but not limited to:

| Count I | - | Negligence and Outrageous Conduct |
| Count II | - | Strict Liability |
| Count III | - | Conspiracy |
| Count IV | - | Breach of Warranty |
| Count VII | - | Employer Defendants' Tortious Conduct |
| Count XII | - | Damages |

## COUNT XIII – WORKSITE DEFENDANT

21.    Plaintiff reiterates the facts and contentions as set forth above, and repeats them herein.

22.    At all times relevant hereto, Plaintiff was caused to be employed on premises identified in Exhibit A, owned, operated and/or controlled by ALLSTEEL, INC.

23.    At all times relevant hereto, Plaintiff was caused to be employed on premises identified in Exhibit A, owned, operated and/or controlled by THE HON COMPANY.

24.    At all times relevant hereto, Plaintiff was caused to be employed on premises identified in Exhibit A, owned, operated and/or controlled by HNI CORPORATION.

25.     ALLSTEEL, INC. failed to exercise reasonable care to provide Plaintiff with a reasonably safe place to work.

26.     THE HON COMPANY failed to exercise reasonable care to provide Plaintiff with a reasonably safe place to work.

27.     HNI CORPORATION failed to exercise reasonable care to provide Plaintiff with a reasonably safe place to work.

28.     ALLSTEEL, INC. exposed Plaintiff to unreasonably dangerous conditions.

29.     THE HON COMPANY exposed Plaintiff to unreasonably dangerous conditions.

30.     HNI CORPORATION exposed Plaintiff to unreasonably dangerous conditions.

31.     As a direct and proximate consequence of the negligence of ALLSTEEL, INC., Plaintiff was caused to develop an occupational disease known and diagnosed as mesothelioma; was and is caused to endure great pain and suffering, both physical and mental in nature; and was and is caused to incur medical expenses and suffer financial losses.

32.     As a direct and proximate consequence of the negligence of THE HON COMPANY., Plaintiff was caused to develop an occupational disease known and diagnosed as mesothelioma; was and is caused to endure great pain and suffering, both physical and mental in nature; and was and is caused to incur medical expenses and suffer financial losses.

33.     As a direct and proximate consequence of the negligence of HNI CORPORATION, Plaintiff was caused to develop an occupational disease known and diagnosed as mesothelioma; was and is caused to endure great pain and suffering, both physical and mental in nature; and was and is caused to incur medical expenses and suffer financial losses.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of $100,000 plus attorney's fees, interests and costs of suit.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: April 2, 2019

By:  _/s/ Jon D. Rubinstein, Esquire_
Jon D. Rubinstein, Esquire
Cohen, Placitella & Roth, P.C.
2001 Market Street, Suite 2900
Philadelphia, Pennsylvania 19103
(215) 567-3500

**EXHIBIT A**

**EDMUND SABOL'S HISTORY OF ASBESTOS EXPOSURE**

| Dates | Location | Exposure |
|-------|----------|----------|
| 1990-2003 | Allsteel, Inc. steel fabrication plant located at 425 Jaycee Dr., West Hazleton, PA 18202 | Plaintiff was a utility/maintenance man who would work all over the plant, including but not limited to "the paint" located on the second floor. Plaintiff was exposed to asbestos containing equipment and materials, including but not limited to air filters throughout the plant. Plaintiff also worked in the "repair area," sanding down painted steel products, where he was exposed to asbestos containing equipment, talc, and other materials. |

## VERIFICATION

I, Edmund Sabol, hereby state that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and acknowledges that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated: April 2, 2019

Edmund Sabol